DREW, Justice (Ret.),
dissenting.
I respectfully dissent, and adopt as my views those set forth in the compensation order of the Judge of Industrial Claims as approved by the Full Commission, viz:
“In the instant cause, the claimant has massive brain damage, is comatose, his doctors hold out no surgical hope for cure, nor is any substantial improvement in his condition contemplated, certainly not within six months from the date of injury. Clearly, within six months of his injury this particular claimant will not be a candidate for any retraining program or training in prosthetic devices, wheel chairs, or etc. In the event his condition changes within that period of time, employer/carrier’s exhibit No. 1 contemplates acceptance of retraining on a voluntary basis.
“There is no question that this employee has sustained ‘. . . the loss of an arm, leg, hand, foot, or total loss of use of such member because of organic damage to the central nervous system, . . . .’ However, 440.15(2)(c) goes on to state, ‘. . . until he has completed his training and the use of artificial members or appliances and completed his training or education under a rehabilitative program pursuant to F.S. 440.41(1), (2), or (3).’
“I have a great deal of empathy for this young claimant with such severe injuries, and counsel for both parties have indicated the same feeling. I strongly question the method of drafting this particular piece of legislation. However, I believe my duty requires me to assume, and I feel, that the legislature would not knowlingly [sic] draft and pass as law a piece of legislation not grounded in common sense. To assume that the legislature did not contemplate that the injured party must be under a training program in the use of artificial members or appliances, or under a rehabilitative program pursuant to F.S. 440.49(1), (2), or (3), would be to effectually nullify that portion of the statutory language of F.S. 440.15(2)(c). I therefore must regretfully determine that in this particular case, the provisions of F.S. 440.15(2)(c) do not apply to this claim, and the claimant’s compensation rate remains at $80.00.”
I would affirm the order of the Full Commission.
SUNDBERG and KARL, JJ., concur.